UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN McGEE | ) | CASE NO.  5:11-cv-2751 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | MAGISTRATE JUDGE BURKE |
| vs. | ) | |
| | ) | |
| | ) | |
| THOMAS ARMSTRONG, et al. | ) | Memorandum Opinion and Order |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

On May 2, 2012, Plaintiff Kevin McGee ("Plaintiff") filed a *Motion for Leave to File First Supplemental Complaint*.  Doc. 45.  On May 7, 2012, Defendants filed a *Memorandum in Opposition to Plaintiff's Motion for Leave to File First Supplemental Complaint*.  Doc. 49.  On May 8, 2012, Plaintiff filed a *Reply to Objection to Motion for Leave to File Supplemental Complaint.*  Doc. 52.   For the following reasons, Plaintiff's *Motion for Leave to File First Supplemental Complaint* is granted subject to the terms set forth below.

Federal Civil Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. Civ. R. 15(d).  Plaintiff filed his First Amended Complaint on February 21, 2012.  Doc. 24.  By his *Motion for Leave to File First Supplemental Complaint*, Plaintiff seeks to set forth events that have occurred after that date, including Defendants' termination of Plaintiff's employment on or about April 21, 2012 (*see* Doc. 45-1, ¶¶ 23-24), and Defendant Armstrong's alleged making of

1

defamatory statements on April 20, 2012, and April 26, 2012. *See* Doc. 45-1, ¶¶ 31-32. Plaintiff also seeks to set forth new claims for relief, i.e., Second Cause of Action allegedly relating to the termination (*see* Doc. 45-1, ¶ 46-53), Third Cause of Action allegedly relating to termination (*see* Doc. 45-1, ¶ 54-58), Seventh Cause of Action allegedly relating to the termination (*see* Doc. 45-1, ¶ 77-80), Eighth Cause of Action relating to alleged defamation. *See* Doc. 45-1, ¶ 81-85.[1] Defendants have opposed Plaintiff's request and assert that, because Plaintiff seeks to add new claims for relief, the proper procedure is amendment under Fed. Civ. R. 15(a) rather than supplementation under Fed. Civ. R. 15(d). Doc. 49, p. 1-2.

The appropriate means of asserting new claims for relief is under Fed. Civ. R. 15(a), *Michael v. Ghee*, 498 F.3d 372, 386 (6th Cir 2007), whereas the appropriate means for reflecting events occurring after the filing of a pleading is Fed. Civ. R. 15(d). *Weiner v. Weiner*, 2008 WL 746960, * 13 (W.D. Mich. 2008). Since Plaintiff seeks leave <u>both</u> to reflect events that have occurred after he filed his First Amended Complaint and to add new claims for relief, Plaintiff's *Motion for Leave* more appropriately would have been filed pursuant to <u>both</u> Fed. Civ. R. 15(a) and Fed. Civ. R. 15(d). *Id.* However, because Plaintiff's intent is clear, Plaintiff's failure to move pursuant to Fed. Civ. R. 15(a) in addition to Fed. Civ. R. 15(d) is not a basis to deny leave. Further, Defendants do not contend that they will be injured by allowing Plaintiff leave to supplement his Complaint, nor has Plaintiff unduly delayed in requesting leave to supplement. *See McHenry v. Ford Motor Co.*, 269 F.2d 18, 25 (6th Cir. 1959) (where it is not shown that a defendant may be injured by the filing of an amendment, "applications for leave to serve a supplemental complaint are normally granted); *Kohus v. Graco Children's Products, Inc.*, 2010 U.S. Dist. LEXIS 98608, *14-15 (S.D. Ohio 2010) (discussing the factors to consider when

---

[1] The Court's recitation of alleged facts or alleged causes of action is not a determination as to the merits of any facts or causes of action recited.

considering a motion for leave to supplement). Accordingly, Plaintiff's *Motion for Leave to File First Supplemental Complaint* is granted subject to the following terms:

Plaintiff's revised complaint shall be filed on or before May 17, 2012, and shall be captioned/styled *Plaintiff's Second Amended Complaint*. Further, *Plaintiff's Second Amended Complaint* shall combine in one pleading all factual allegations and causes of actions stated in Plaintiff's First Amended Complaint and proposed "First Supplemental Complaint" that Plaintiff intends to pursue in this action, i.e., Plaintiff shall not incorporate by reference allegations or causes of action set forth in previously filed pleadings.[2] While the normal time for responding to an Amended Complaint is 14 days under Fed. Civ. R. 15(a)(3), Defendants have indicated that they anticipate seeking additional time. Accordingly, Defendants shall have thirty (30) days from Plaintiff's filing of his *Second Amended Complaint* to plead or otherwise respond to the *Second Amended Complaint*.

Dated: May 10, 2012

KATHLEEN B. BURKE
U.S. MAGISTRATE JUDGE

---

[2] This Order does not authorize Plaintiff to allege in his Second Amended Complaint new matters or causes of action that he has not alleged in either his First Amended Complaint or proposed "First Supplemental Complaint."