# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN McGEE | ) | CASE NO.  5:11-cv-2751 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | MAGISTRATE JUDGE BURKE |
| vs. | ) | |
| | ) | |
| | ) | |
| THOMAS ARMSTRONG, et al. | ) | Memorandum Opinion and Order |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

On May 8, 2012, Defendants filed *Defendants' Expedited Motion for Protective Order* requesting a Protective Order "precluding all parties from using discovery materials for purposes beyond those specifically authorized by the Civil Rules." Doc. 50, p.1.  On May 10, 2012, Plaintiff filed his *Response and Objection to Motion for Protective Order*.  Doc. 55.

Defendants filed their motion pursuant to Federal Civil Rule 26(c).  Doc. 50, p. 1.  That rule requires that the party seeking a protective order must demonstrate that he "has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action" and that good cause exists for issuance of the protective order, i.e., that a protective order is necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."   Fed. Civ. R. 26(c).

Here, Defendants have met the first requirement but not the second.  Defendants have

1

demonstrated their good faith efforts to resolve this matter with Plaintiffs.[1]  Doc. 50, p. 3-4.  However, Defendants have failed to meet their burden of demonstrating good cause for the protective order they seek.  S*ee Burgett v. City of Flint*, 2008 WL 363291, *4  (E.D. Mich. 2008), 2008 WL 363291, *4 (the burden of showing good cause for a protective order rests with the party seeking the order); *see Flagg v. City of Detroit*, 2010 U.S. Dist. LEXIS 78501, *12-13 (indicating that good cause for a protective order requires "specific identification of a clearly defined and sufficiently serious harm. . ."). Defendants' bases for seeking a protective order consist of inferences, presumptions and/or speculation, i.e., "it is *reasonable to expect* that Plaintiff intends. . ." and "in the extra-judicial manner that Plaintiff *apparently plans* . . ." [2]  Doc. 50, p. 3; *see Burgett* (denying a motion for protective order to prohibit videotaping of officers' depositions because, other than inferences and speculation, defendants failed to provide specific demonstration of facts necessitating a protective order).

Because Defendants have failed to meet their burden of showing good cause for the issuance of a protective order, *Defendants' Expedited Motion for Protective Order* (Doc. 50) is **DENIED**.

Dated: May 11, 2012

                                 **KATHLEEN B. BURKE**
                                 **U.S. MAGISTRATE JUDGE**

---

[1] Plaintiff's Response does not dispute, nor even address, Defendants' statements concerning their good faith efforts to resolve this matter.  Accordingly, the Court accepts Defendants' statement that Plaintiff's counsel failed to respond to six attempts to reach him by phone and email.  It is of great concern to this Court that Plaintiff's counsel has demonstrated a lack of willingness to communicate, which apparently continued even after this Court's May 3, 2012, Order setting forth its expectation "that counsel respond to each other's telephone or mail message within forty-eight (48) hours, except in unique circumstances."  Doc. 48.  Such conduct may result in sanctions.

[2] The Court notes that both parties' filings are full of unsupported allegations and devoid of relevant Rule 26(c) case law.