UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN McGEE | ) | CASE NO. 5:11-cv-2751 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | MAGISTRATE JUDGE BURKE |
| vs. | ) | |
| | ) | |
| THOMAS ARMSTRONG, et al. | ) | Memorandum Opinion and Order |
| | ) | |
| DEFENDANTS. | ) | |

On May 17, 2012, Defendants filed their *Expedited Motion for Protective Order* requesting a broad Protective Order "precluding all parties from using discovery materials for purposes beyond those specifically authorized by the Civil Rules." Doc. 58, p.1. Additionally, contained within Defendants' motion is a request that this Court impose sanctions on the ground that Plaintiff has violated Local Rule 32.1. Doc. 58, p. 6-7. For the reasons set forth below, Defendants' motion is **DENIED** without prejudice to the extent it seeks a protective order.[1] A briefing schedule is set forth below for the portion of Defendants' Motion relating to Local Rule 32.1.

**A. Defendants' Request for Protective Order**

Defendants request for a protective order is made pursuant to Federal Civil Rule 26(c). Doc. 58, p. 1. That rule requires that the party seeking a protective order demonstrate that he

---

[1] As part of their Motion, Defendants requested that this Court order Plaintiff to file his response under seal. For the reasons stated herein, that request is denied.

1

"has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action"[2] and that good cause exists for issuance of the protective order, i.e., that a protective order is necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. Civ. R. 26(c).

Defendants have failed to meet their burden of demonstrating good cause for the protective order they seek. S*ee Burgett v. City of Flint*, 2008 WL 363291, *4 (E.D. Mich. 2008), 2008 WL 363291, *4 (the burden of showing good cause for a protective order rests with the party seeking the order); *Flagg v. City of Detroit*, 2010 U.S. Dist. LEXIS 78501, *12-13 (indicating that good cause for a protective order requires "specific identification of a clearly defined and sufficiently serious harm. . ."). Defendants' Motion for Protective Order cites the alleged posting of defendant Thomas Armstrong's May 14, 2012, video deposition on the internet by Plaintiff and also alleges that, during Mr. Armstrong's deposition, "Plaintiff's counsel asked numerous personal questions, designed to simply annoy, harass, and embarrass Mr. Armstrong . . ." Doc. 58, p. 3. Defendants have chosen not to submit to this Court the alleged annoying, harassing and embarrassing excerpts of the deposition to support their Motion.[3] Doc. 58, p. 3-4. The undersigned cannot make a determination as to whether a protective order is necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" without knowing what the allegedly annoying, harassing or embarrassing information is. Furthermore, Defendants have not articulated how they have or will be annoyed,

---

[2] As discussed herein, the Defendants have not met their burden of showing good cause for a protective order, therefore, it is not necessary for this Court to determine whether the Defendants have in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action prior to filing this second request for a protective order.

[3] Defendants state that "[d]ue to the sensitive nature of these questions, Defendants decline to repeat those questions in this brief." Doc. 58, p. 3. Defendants could have, but elected not to, seek leave to file the allegedly sensitive material under seal consistent with this Court's Case Management Plan and Trial Order, Section V. – Filing Documents Under Seal. Doc. 20, p. 6-7.

harassed or embarrassed if this Court does not enter an order precluding use of all discovery materials for purposes beyond those specifically authorized by the Civil Rules.[4]  *See Freudeman v. The Landing of Canton*, 2010 WL 106878, * 2 (N.D. Ohio 2010) (denying a motion for protective order where the defendants failed to illustrate good cause with a particular or specific demonstration of facts).  Nor do the Defendants provide legal authority to support such a broad order.

Because Defendants have failed to meet their burden of showing good cause for the issuance of a protective order, *Defendants' Expedited Motion for Protective Order* (Doc. 58) is **DENIED** without prejudice as to the request for a protective order and **DENIED** as to the request for an order requiring Plaintiff to file under seal his response to the Motion for Protective Order and any other motion or memorandum dealing with Thomas Armstrong's deposition.  If a protective order or sealing order is to issue in this case, there must be a showing of good cause based on specific facts and the order will be limited to those portions of a motion or supporting documents that have been determined by this Court to require a protective or sealing order.  See Doc. 20, p. 6.

**B. Defendants' request for sanctions for violation of Local Rule 32.1.**

The Court reserves ruling on Defendants' request for sanctions for violation of Local Rule 32.1 until such time as Plaintiff has had an opportunity to respond.  Plaintiff's Response to Defendants' request for sanctions shall be filed on or before May 23, 2012.  Defendants' Reply shall be filed on or before May 25, 2012.  As part of its Response, Plaintiff shall include the

---

[4] Notwithstanding that the focus of this Motion is the video deposition of Thomas Armstrong, Defendants have made a very broad request that this Court preclude "all parties from using discovery materials for purposes beyond those specifically authorized by the Civil Rules." Doc. 58, p. 1. The Motion appears unduly broad for at least two reasons: (1) this case involves a public entity and many of the documents produced in discovery are likely to be public records; and (2) the parties have indicated that an administrative proceeding likely to require consideration of the same records being produced in discovery in this case is pending or imminent.

following information: (1) identification of the deposition officer at the May 14, 2012, Thomas Armstrong deposition; (2) identification of the individual currently in possession of the original video tape of Mr. Armstrong's deposition; (3) identification of all individuals who have received a copy of the video tape of Mr. Armstrong's deposition, and identification of the person(s) from whom they received the copy. Since the Court has issued its ruling on the portion of Defendants' motion requesting a protective order, Plaintiff shall not respond to that portion of the motion.

Dated: May 18, 2012

**KATHLEEN B. BURKE**
**U.S. MAGISTRATE JUDGE**