## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN McGEE | ) | CASE NO.  5:11-cv-2751 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | MAGISTRATE JUDGE BURKE |
| vs. | ) | |
| | ) | |
| | ) | |
| THOMAS ARMSTRONG, et al. | ) | Memorandum Opinion and Order |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

As part of their *Expedited Motion for Protective Order* (the "Motion") filed on May 17, 2012 (Doc. 58), Defendants asked this Court to impose sanctions for alleged violations by Plaintiff of Local Rule 32.1, which pertains to "Videotape Depositions."  Having considered the provisions of Local Rule 32.1 and the parties' filings, the Court finds, for the reasons stated below, that Plaintiff has violated Local Rule 32.1.  Accordingly, the Court GRANTS in part *Defendants' Expedited Motion for Protective Order* (Doc. 58) and requires Plaintiff to take corrective action as provided herein.

Defendants allege that Plaintiff Kevin McGee violated Local Rule 32.1 by obtaining copies of the video deposition of Defendant Thomas Armstrong ("video deposition" or "video")[1] and posting said video or portions thereof on the internet. Doc. 58, pp. 6-7.[2]  On May, 18, 2012,

---

[1] Local Rule 32.1, which became effective in 1992 uses the term "videotape."  That term is now archaic.  However, the rule continues to apply to all video depositions, whether or not on "tape."

[2] According to Defendants, Plaintiff took Armstrong's deposition on May 14, 2012, and posted a portion of it on McGee's blog website on May 16, 2012, with the blog website containing a link to Plaintiff's YouTube channel.

1

the Court issued an Order in which it reserved ruling on the portion of Defendants' Motion relating to Local Rule 32.1 until the parties were provided an opportunity for a response and reply.  Doc. 60.[3]  The Court ordered Plaintiff to provide specified information in his response regarding the alleged Local Rule 32.1 violation.  Doc. 60, pp. 3-4.

On May 29, 2012, the Court granted Plaintiff's Motion for Leave (Doc. 65) and deemed Plaintiff's attached Response and Objection to Motion Pursuant to Local Rule 83.7 (Doc. 65-1) to be filed as Plaintiff's Response to Defendants' Motion relating to Local Rule 32.1 (Docs. 58, 60) as well as Plaintiff's Response to Defendants' Motion for Order to Cease and Desist (Doc. 59).  In his Response, Plaintiff did not dispute that he violated Local Rule 32.1.  Plaintiff did supply the following information required by this Court's May 29, 2012, Order:

> (1) The location of the original videotape from the deposition of Thomas Armstrong: To the best of Plaintiff's knowledge, the original is in the possession of Mirror Image Video & Photography, 4274 Cheval Circle, Stow, Ohio;
>
> (2) The deposition officer at the deposition of Thomas Armstrong: Jocelyn S. Harhay, RPR, Hill Court Reporters, (330) 551-7153; and
>
> (3) Identification of all individuals who have received a copy of the video of Thomas Armstrong, and the individual from whom they received it: To the best of Plaintiff's knowledge (and counsel for Plaintiff's knowledge), to date the only person who has received a copy of the video of the deposition of Thomas Armstrong from the videographer and his company is Kevin McGee. Kevin has given a copy of the video to Rick Armon at the Akron Beacon Journal pursuant to a request from the Akron Beacon Journal. Kevin McGee has also given a copy of the video to the Ohio Ethics Commission.

Doc. 65-1, pp. 5-6.

Defendants filed their Reply on May 31, 2012, restating their request for the following sanctions:

---

Doc. 58, pp. 3-4, Doc. 67, p. 2.

[3] The Court denied the remainder of Defendants' Expedited Motion for Protective Order without prejudice.  Doc. 60.

> Plaintiff be ordered to remove immediately the video deposition [of Thomas Armstrong] from his website and all other places it might appear. Additionally, for having obtained the video deposition in violation of Local Rule 32.1, Plaintiff (and the videographer) should be required to destroy all versions of the video deposition. Alternatively, Plaintiff should be required to destroy all versions of the video deposition possessed by him or any other person or entity other than videographer, and the videographer should be ordered to maintain the original of the video deposition, until the trial of this case, in which case, Plaintiff can seek leave of Court to use the video deposition.

Doc. 67, p. 7.

Local Rule 32.1 is designed to protect the integrity of deposition testimony.[4]  It provides for review and correction by the deponent and also includes measures relating to the custody of the video.  With respect to the latter, Local Rule 32.1 provides that it is the deposition officer who shall maintain custody of the video deposition:

>  Custody of the Tape.  The deposition officer shall maintain custody of the original tape until it is filed with the Court.  Parties may view the tape while it is in the officer's custody, but only under conditions that make impossible the erasure or alteration of the tape.  The parties may agree that counsel for the party noticing the deposition retain custody of the tape in which event it will be the responsibility of such counsel to file the sworn statement called for under subsection (b)(15) of this Rule.

Local Rule 32.1(b)(16).  Here, Plaintiff has advised the Court that the deposition officer at the Armstrong deposition was Jocelyn S. Harhay, RPR, Hill Court Reporters, (330) 551-7153.  Doc. 65-1, p. 5.  However, Plaintiff has also advised the Court that the videographer, not the deposition officer, has possession of the original video of the Armstrong deposition.  Doc. 65-1, p. 5.  This is a violation of Local Rule 32.1, which requires that the deposition officer maintain custody of the original video.

Additionally, Local Rule 32.1 sets forth strict guidelines regarding the maintenance and filing of video depositions.  *See* Local Rule 32.1(b)(16)(requiring the deposition officer to

---

[4] The parties have not directed the Court to any cases interpreting or applying Local Rule 32.1 nor has the Court located case law applying Local Rule 32.1 to circumstances similar to those present in this case.

maintain custody of the original video and allowing viewing of the video by parties only under conditions ensuring that the integrity of the recording is preserved); and Local Rule 32.1(b)(14)(stating that once the deposition officer files the video with the Clerk in accordance of the Local Rule 32.1, the video shall be released by the Clerk for viewing only upon order of the Court).  Plaintiff's release of the video prior to the expiration of the time for examination and correction of the deposition record and filing with the Court (*see* Local Rule 32.1(b)(13) and (b)(14)), and possession of the original video by someone other than the deposition officer are inconsistent with the strict guidelines imposed by the Local Rules.  Plaintiff also acted inconsistently with Fed. Civ. R. 30(f)(3) by obtaining a copy of the video deposition from the videographer, not from the deposition officer.

Accordingly, to ensure compliance with Local Rule 32.1 while permitting access to the video for trial preparation, IT IS HEREBY ORDERED:

(1) Plaintiff's counsel shall ensure that the original video of the Armstrong deposition is delivered from the videographer, Mirror Image Video & Photography, 4274 Cheval Circle, Stow, Ohio, to the deposition officer, Jocelyn S. Harhay, RPR, Hill Court Reporters, (330) 551-7153;

(2) Plaintiff shall turn over to the deposition officer all copies of the video deposition in his possession or in the possession of the videographer and said copies shall be held by the deposition officer;

(3) Plaintiff shall remove all postings of the video deposition, or any portions thereof, from any internet site or other media over which Plaintiff, or any person acting on his behalf, has control;

(4) Plaintiff shall notify any party to whom he, or someone acting on his behalf, has provided a copy of the video deposition that this Court has determined that Plaintiff provided the video in violation of Local Rule 32.1 and that the video copy provided has not been certified to be true or correct;[5] and

---

[5] Plaintiff states that he has provided copies of the video deposition to the Akron Beacon Journal and the Ohio Ethics Commission. Doc. 65-1, pp. 5-6. Those entities are not parties to this case and unlike the videographer and deposition officer, were not participants in the Armstrong deposition conducted pursuant to the jurisdiction of this Court.  While the Court may instruct that action be taken by the parties, the deposition officer and the videographer,

4

 (5) Plaintiff's counsel shall file a certification with the Court affirming that the foregoing actions have been completed. Said certification shall have attached a receipt signed by Ms. Harhay acknowledging that she has received the video and shall be filed with the Court on or before June 11, 2012.

Counsel for Plaintiff and/or counsel for Defendants may obtain a copy of the video deposition pursuant to Fed. Civ. R. 30(f)(3). However, it is the order of this Court that only counsel may maintain a copy of the video deposition, i.e., parties themselves may not maintain a copy, and counsel shall notify opposing counsel when a copy of the video deposition is ordered.[6] Once the video deposition has been filed with this Court in accordance with Local Rule 32.1, release of the video deposition by the Clerk shall only be upon order of the Court. *See* Local Rule 32.1(b)(14).

Plaintiff's conduct relating to the Armstrong deposition, i.e., almost immediate publication of a portion or portions of the video on the internet and delivery of copies to third parties, suggests that Plaintiff's intent in taking Armstrong's deposition by video, in addition to recording it stenographically, was to use it for purposes other than trial preparation in this case. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 31-33 (1984)(a litigant who gains information by virtue of the trial court's discovery processes does not have an unrestrained right to disseminate that information). The provisions of this Order are intended to ensure that discovery in this case occurs for proper purposes and that records created as part of these proceedings are maintained in a manner consistent with the applicable procedural rules.

Failure to comply with any Orders contained herein may result in sanctions against

---

the Court cannot direct the non-parties/non-participants to take action.

[6] The Court recognizes that the parties herein are also parties to an administrative employment proceeding arising from the same or similar facts to those at issue in this case. Nothing in this Order is intended to preclude use of the video deposition in that proceeding.

Plaintiff or Plaintiff's counsel, including but not limited to monetary sanctions or orders limiting Plaintiff's use of the Armstrong deposition testimony in proceedings before this Court.

The parties' disputes over the Armstrong deposition have already consumed an inordinate and unwarranted amount of the parties' and the Court's time.  The Court urges the parties to focus their efforts on preparing this case for trial rather than on discovery disputes.  Additional motions relating to the Armstrong deposition may be denied summarily if duplicative of matters previously briefed or previously addressed by this Court.

IT IS SO ORDERED.

Dated: June 1, 2012

**KATHLEEN B. BURKE**
**U.S. MAGISTRATE JUDGE**