UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| KEVIN V. McGEE, | ) | CASE NO. 5:11CV2751 |
|---|---|---|
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) | |
| THOMAS L. ARMSTRONG, et al., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| DEFENDANTS. | ) ) ) | |

Before the Court is plaintiff's motion to reopen the case and to appeal an arbitrator's decision. (Doc. No. 156 ["Mot."].) Defendants filed their opposition (Doc. No. 158 ["Opp'n"]), and plaintiff filed a reply (Doc. No. 160 ["Reply"]). For the reasons and to the extent set forth herein, the motion is granted in part and denied in part.

## I. PROCEDURAL BACKGROUND

This case arose out of the termination of plaintiff's employment by defendant County of Summit Developmental Disabilities Board. Because plaintiff served in the Ohio Army National Guard and was, upon occasion, called to active duty during his employment,[1] his complaint alleged not only wrongful termination of employment and various breaches of the employment contract, but also discrimination and retaliation based upon his military status and service.

On July 3, 2014, this Court issued a Memorandum Opinion and Order (Doc. No. 151 ["MOO"]) granting defendant's motion to compel arbitration with respect to most of the fourteen

---

[1] Plaintiff was also called to active duty during the course of these proceedings. (*See* Doc. No. 10; Doc. Nos. 145, 148 and 150.)

causes of action in plaintiff's second amended complaint, carving out only two claims[2] that "do not arise out of [his] removal, suspension or demotion[.]" (MOO at 2017[3] n.4, internal quotation marks omitted.)[4] The Court directed the clerk to mark the docket as "stayed" pending the arbitration. (*Id.* at 2024.) On February 24, 2015, the Court directed the clerk to close the case for administrative purposes, "subject to reopening if necessary, following arbitration." (*See*, Order, Doc. No. 155.)

According to the parties' briefing on the instant motion, on March 9, 2016, the arbitrator determined that all of the claims this Court previously identified as possibly subject to arbitration were arbitrable, and, on January 25, 2017, the same arbitrator granted summary judgment in favor of defendant as to all claims. (*See* Doc. Nos. 158-08 and 158-10.)

On February 21, 2017, plaintiff filed the instant "Motion to Re-Open Case and Appeal of Arbitrator's Decision." Notwithstanding how plaintiff's motion may be captioned, he makes three requests of this Court: (1) to reconsider and vacate the MOO; (2) to vacate both the March 9, 2016 and the January 25, 2017 decisions of the arbitrator;[5] and (3) to lift the stay and reopen the case for purposes of addressing *all* claims, or, in the alternative, the two claims that were previously retained by the Court.

---

[2] The "carve out" involved the sixth cause of action and a portion of the twelfth cause of action alleging a breach of contract with respect to plaintiff's military leave pay and pay differential.

[3] All page number references are to the page identification number generated by the Court's electronic docketing system.

[4] Plaintiff attempted to appeal from this order (*see* Doc. No. 152), but the court of appeals dismissed the appeal, holding that, because the underlying case was stayed, not dismissed, it lacked jurisdiction. (Doc. No. 154) (*McGee v. Armstrong*, No. 14-3750, slip op. at 2028 (6th Cir. Feb. 19, 2015) (quoting *Bates v. 84 Lumber Co., L.P.*, 205 F. App'x 317, 325 (6th Cir. 2006) ("[O]ur court has held that the FAA permits appeals of orders compelling arbitration only when they are issued in tandem with dismissals of the underlying litigation.") (further citation omitted).)

[5] Plaintiff's motion very generally seeks to appeal "the Arbitrator's decision." (Mot. at 2030.) It appears that this encompasses both decisions because his arguments attack not only the grant of summary judgment, but also the initial determination that the claims were arbitrable.

## II. DISCUSSION

As a preface to any discussion of plaintiff's motion, the Court notes that much of what is contained therein is verbatim repetition of arguments raised and rejected at various stages of these proceedings,[6] right down to the typographical and grammatical errors.[7] Plaintiff's simple disagreement with the Court's previous order is insufficient reason to revisit issues that have already been decided, and the Court declines any invitation to do so.

### A. Motion to Reconsider or to Alter or Amend the Judgment

Plaintiff's motion clearly seeks either reconsideration of this Court's ruling of July 3, 2014, or to alter or amend that order. Essentially, plaintiff wants this Court to vacate the order and start over. Plaintiff cites no rule of procedure and no case law that would entitle him to such relief at this juncture.[8]

Sections 1.a. and 1.b. of plaintiff's motion reassert that the arbitration clause in his employment contract was erroneously applied to this dispute by the Court and, further, that it was error to decide that the issue of arbitrability was an issue for the arbitrator himself to decide.

---

[6] This verbatim repetition of arguments is plaintiff's pattern, a practice previously noted by the Court. (*See, e.g.*, MOO at 2020, n.6.) It is apparent that plaintiff has one view of this case and has no intention, at any stage of the proceedings, to *respond* to contrary views with anything but his pre-formulated arguments.

[7] For example, in the March 6, 2016 decision of the arbitrator, he states that:

> Claimant asserts that merely because "USERRA and FMLA claims are legally permitted be [sic] subject to an arbitration does not mean that that [sic] they must to be [sic] arbitrated."

(Doc. No. 158-8 at 2103, errors noted in original.) This statement, with all the identical errors, is contained in both plaintiff's opposition to defendants' motion to compel arbitration and the instant motion. (*Compare* Doc. No. 102 at 1231 and Mot. at 2034.) It is also contained in the plaintiff/appellant's brief on jurisdiction filed in the Sixth Circuit Court of Appeals. (*See* Case No. 14-3750, Document 16 at 15.)

[8] The Federal Rules of Civil Procedure make no mention of motions to "reconsider." Typically, such a motion is treated as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e), which must be filed "no later than 28 days after the entry of the judgment." Plaintiff's current request for reconsideration of the MOO entered on July 3, 2014 is untimely. Plaintiff's other possible alternative is Fed. R. Civ. P. 60(b). A Rule 60(b) motion must be filed "within a reasonable time" and, for certain enumerated reasons, "no more than a year after the entry of the judgment or order[.]" Plaintiff has made no argument that this motion, filed two years and seven months after the challenged judgment, is timely.

Identical arguments were raised in plaintiff's opposition to defendant's motion to compel arbitration (*see* Doc. No. 102), and were rejected by Court in the MOO. Plaintiff has failed to identify any legal or factual error in the Court's analysis. He merely disagrees with the decision, as is evidenced by the fact that he has simply repeated his original arguments verbatim.

In Section 1.c. of his motion, plaintiff argues that the arbitration clause in his employment contract is unconscionable, suggesting that all of the proceedings to date must, therefore, tumble like a house of cards. In opposition, defendants argue that this issue was waived and is now moot because it was raised for the first time in plaintiff's objections to the Report and Recommendation regarding defendants' motion to compel arbitration, not in plaintiff's actual opposition to that motion to compel (nor, for that matter, in the complaint). In reply, plaintiff asserts that he "objected to the Arbitration clause on the grounds of unconscionability in great detail in [his] Objection to Magistrate's Report and Recommendation of November 14, 2012 (Doc. #143) and in the Brief on Jurisdiction of the Court of Appeals (Doc. #15)[.]" (Reply at 2134.)

What plaintiff argues may be true, but it is nonetheless unavailing. In the MOO on the motion to compel arbitration, this Court noted:

> Plaintiff also asserts that, if the employer contemplated that "[r]etaliation for protected free speech and petition for redress of grievances would be encompassed by the arbitration clause, then the clause "should be held unconscionable." (Objections at 1965.) *This argument need not be addressed because it was never raised before the magistrate judge.*

(MOO at 2021, n.7, emphasis added.) It was plaintiff's burden to timely raise the issue of unconscionability and he did not do so, a fact pointed out in the R&R.[9] Plaintiff has pointed to no

---

[9] When addressing the first factor of the four-part test to compel arbitration set forth in *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000), the R&R found it satisfied "because Plaintiff admits the existence of the Employment Contract and the arbitration provision and does not contend that the arbitration provision is unconscionable." (R&R at 1899.) This triggered a three-page argument in the objections as to unconscionability. Prior to that, there was not even a whisper of unconscionability.

case law in support of his position that he can *untimely* raise an issue, without suffering waiver. This is not the law, and this Court *still* need not consider this belated argument. *See, e.g.*, *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("[b]ecause [plaintiffs] could have, but did not, raise their argument before the district court ruled on the motion to compel compliance, the argument is barred[]" and "[a] motion under Rule 59(e) is not an opportunity to re-argue a case[]" (citing *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)); *Russell v. GTE Gov't Sys. Corp.*, 141 F. App'x 429, 434 (6th Cir. 2005) ("motion to alter or amend is not the proper vehicle to raise arguments that should have been made before judgment[]") (further citations omitted).

To the extent plaintiff's motion seeks reconsideration of, or to alter or amend, the MOO of July 3, 2014, it is denied.

**B.      Motion to Appeal/Vacate Arbitrator's Decisions**

Plaintiff's motion also seeks to "appeal" the arbitrator's decisions, which is equivalent to asking this Court to vacate the decisions.

Review of an arbitration award "is one of the narrowest standards of judicial review in all of American jurisprudence." *Way Bakery v. Truck Drivers Local No. 164*, 363 F.3d 590, 593 (6th Cir. 2004) (internal quotation marks and citation omitted); *see also Merrill Lynch, Pierce, Fenner & Smith v. Jaros*, 70 F.3d 418, 421 (6th Cir. 1995) ("If a court can find any line of argument that is legally plausible and supports the award then it must be confirmed. Only where no judge or group of judges could conceivably come to the same determination as the arbitrators must the award be set aside.")

Ohio Rev. Code § 2711.10[10] provides four circumstances when an arbitration award may be vacated:

(A) The award was procured by corruption, fraud, or undue means.

(B) There was evident partiality or corruption on the part of the arbitrators, or any of them.

(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

Plaintiff's argument relies primarily upon sections (C) and (D), asserting that the arbitrator refused to consider pertinent and material evidence, and displayed "manifest disregard of the law[.]" (Mot. at 2046.)[11]

Interestingly, plaintiff supplied no copy of either decision of the arbitrator and no administrative record. Notably, since the arbitrator's January 25, 2017 decision granted summary judgment, presumably, a motion for summary judgment and supporting and opposing briefs were filed; but that record has not been provided to this Court. Were it not for defendants, who attached uncertified copies of the arbitrator's orders to their opposition brief, this Court would have nothing to go on but the bald assertions of error in plaintiff's motion, which provide no basis for review.

---

[10] The Ohio Supreme Court has noted: "This statute is substantively equivalent to the analogous provisions of the Federal Arbitration Act [9 U.S.C. § 10(a)], and we have often used federal law in aid of our application of the statute." *Cedar Fair, L.P. v. Falfas*, 19 N.E.3d 893, 895 (Ohio 2014) (citations omitted).

[11] "Whether 'manifest disregard of the law' may still supply a basis for vacating an arbitrator's award as 'a judicially created supplement to the enumerated forms of FAA relief' after *Hall Street* is an open question." *Samaan v. Gen. Dynamics Land Sys., Inc.*, 835 F.3d 593, 600 (6th Cir. 2016) (referencing *Hall St. Assoc., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 128 S. Ct. 1396, 170 L. Ed. 2d 254 (2008)); *see also Assoc. of Cleveland Fire Fighters, Local 93 v. Cleveland*, No. 94361, 2010 WL 4684736, at *3 (Ohio Ct. App. Nov. 18, 2010) (rejecting the "manifest disregard" standard as "incompatible with the very limited grounds for review set forth in R.C. 2711.10[]").

*See, e.g.*, *Samaan*, 835 F.3d at 604 ("failure to substantiate his assertions with record evidence is fatal to [plaintiff's] claims[]") (citing cases, including *Jamoua v. CCO Invest. Servs. Corp.*, No. 09-13604, 2010 WL 891148, at *1, 5 (E.D. Mich. Mar. 10, 2010) ("Where, as here, the party moving to vacate the award provides no transcript or record evidence, but presents only self-serving and conclusory allegations unsupported by any record evidence, it is impossible for this Court to determine that the [arbitration] Panel was guilty of misconduct.")).

Even if the copies of the orders supplied by defendants could be a proxy for an administrative record for this Court's review (which this Court does *not* assume), the strict standards for vacating an arbitrator's decision are not met. Plaintiff's motion merely challenges the outcome, arguing that "the [a]rbitrator disregarded a clearly established legal precedent in making his determination[,]" (Mot. at 2047),[12] and that "the [a]rbitrator exceeded his powers and imperfectly performed his powers by refusing to hear substantial evidence that was pertinent and material to the controversy and by ignoring explicit facts of military discrimination and animus presented by the [d]efendant and proposed to be demonstrated during the arbitration hearing through extensive witness testimony." (*Id.* at 2047-48.)

Again, there is no record, but plaintiff's argument seems to be no more than a dispute over the arbitrator's treatment of whatever facts were before him to support the elements of plaintiff's claims on which he bore the burden of proof.[13]

---

[12] Plaintiff asserts: "That precedent was definite, clearly defined, and spelled out in [p]laintiff's brief submitted to the [a]rbitrator." (Mot. at 2047.) Since plaintiff supplied no administrative record to back up this assertion, apparently this Court is supposed to take plaintiff's word for it that he both spelled out the precedent in his brief and that it was the correct precedent.

[13] The closest plaintiff comes to presenting an actual "fact" is his *assertion* that defendants sent him a notice before his pre-disciplinary conference stating he had "conducted business for the U.S. Military during [his] regular working hours for the Board[,]" and that disciplinary action was being taken for his "failure to timely complete various tasks as directed." (Mot. at 2049-50, 2051, citing "Ex. 1-J, Disciplinary Notice, dated April 2, 2012.") The referenced exhibit is not provided. It may or may not already be in the voluminous record of this Court. But the Court has no duty to search the record on plaintiff's behalf to help him make his case. *See, e.g.*, *Street v. J.C. Bradford & Co.*, 886 F.2d

7

Plaintiff fails to meet the strict standard for vacating an arbitrator's decision. To that extent, his motion is denied.

**C.      Motion to Reopen**

Finally, plaintiff's motion seeks to reopen the case to address all of the claims, or, in the alternative, to address the two claims that were not sent to arbitration.

This portion of the motion is granted as to its request to reopen the case for adjudication of the two remaining breach of contract claims: the sixth cause of action and a portion of the twelfth cause of action dealing with his military leave pay and pay differential.

### III. CONCLUSION

For the reasons set forth herein, plaintiff's motion to reopen and to appeal the arbitrator's decision (Doc. No. 156) is granted in part and denied in part.

Plaintiff's request for reconsideration of, and/or to alter or amend, the July 3, 2014 Memorandum Opinion and Order is denied. Further, plaintiff's appeal from the arbitrator's decisions is also denied and those decisions are confirmed.

This case is reopened for the sole purpose of addressing the portions of the second amended complaint that were not referred to arbitration, as set forth above.

**IT IS SO ORDERED**.

Dated: August 15, 2017

                                                    **HONORABLE SARA LIOI**
                                                    **UNITED STATES DISTRICT JUDGE**

---

1472, 1480-81 (6th Cir. 1989) (it is not the district court's duty "to search the entire record to establish that it is bereft of a genuine issue of material fact."). Plaintiff is expecting this Court to draw inferences and reach conclusions based upon *nothing*. The Court declines.